UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ELIZABETH MARCUM,

    Plaintiff,

vs.

MONTGOMERY COUNTY CHILDRENS
SERVICES, *et al.*,

    Defendants.

Case No. 3:19-cv-334

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S COMPLAINT BE DISMISSED; (2) SERVICE OF PROCESS NOT ISSUE: (3) THIS CASE BE TERMINATED ON THE DOCKET; AND (4) THE COURT CERTIFY THAT ANY APPEAL WOULD BE FRIVOLOUS AND NOT TAKEN IN GOOD FAITH AND, THEREFORE, THAT PLAINTIFF BE DENIED *IN FORMA PAUPERIS* STATUS ON ANY APPEAL**

---

This civil case is before the Court for a *sua sponte* review -- pursuant to 28 U.S.C. § 1915(e)(2) -- of the complaint filed by *pro se* Plaintiff Elizabeth Marcum. Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") (doc. 1), which the Court granted. The Court, however, held service of the complaint pending a review under § 1915(e)(2). It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

## I.

In accordance with 28 U.S.C. §1915(e)(2), this Court must perform an initial review of the instant action. *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

the Court must dismiss any case it determines is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A plaintiff sets forth no arguable factual basis where the allegations asserted are "fantastic or delusional"; and presents no arguable legal basis when advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit, or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

In conducting this initial review under § 1915, the Court accepts *pro se* Plaintiff's allegations as true and construes them liberally in his favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff"). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.

*Pro se* Plaintiff brings this action against three Defendants: (1) Montgomery County, Ohio Children Services ("MCCS"); (2) Beth Pfoutz; and (3) Kathleen Liski. Doc. 2. From what the

2

Court can understand from Plaintiff's complaint, Pfoutz was an employee of MCCS at one time and Liski was a state court magistrate. *Id*.

Plaintiff alleges that in 1999 and 2001, MCCS took custody of Plaintiff's four children from a hospital in Kentucky within four days after the children were born. *Id*. Defendant Pfoutz was apparently present at some point and spoke to a doctor at the hospital about a blood test. *Id*. Pfoutz was also the individual who presumably took custody of the children at the hospital on behalf of MCCS. *Id*. Plaintiff requests that this Court give her custody of the four children, order Defendants to cease interfering with her custody, and vacate any state court judgment regarding custody or adoption of the children. *Id*.

The Court finds this case subject to dismissal for a number for reasons. First, the Court lacks subject matter jurisdiction over this action insofar as Plaintiff seeks child custody decrees. *Partridge v. State of Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003) ("Federal courts have no jurisdiction to resolve domestic relations disputes involving child custody") (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). Second, the Court lacks subject matter jurisdiction, pursuant to application of the *Rooker-Feldman* doctrine,[2] to the extent Plaintiff seeks review and reversal of state court orders regarding the custody and/or adoption of her children. *Cf. Lee v. Johnson-Wharton*, No. 1:14CV868, 2014 WL 7015178, at *3 (S.D. Ohio Dec. 11, 2014). Even assuming, *arguendo*, that the Court possesses subject matter jurisdiction to provide any of the relief sought by Plaintiff, "[u]nder the principles of comity and deference to state expertise in the field of domestic relations," federal courts consistently "refuse to exercise jurisdiction over claims which seek to collaterally attack a state court judgment terminating parental rights." *Stephens v.*

---

[2] "Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court as only the United States Supreme Court has jurisdiction to correct state court judgments." *Marshall v. Bowles*, 92 F. App'x 283, 284 (6th Cir. 2004) (citing *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)).

3

*Hayes*, 374 F. App'x 620, 623 (6th Cir. 2010) (citing *Castorr v. Brundage*, 674 F.2d 531, 535–36 (6th Cir. 1982)).

In addition to the foregoing, *pro se* Plaintiff's complaint is subject to dismissal for numerous other reasons, including, *inter alia*, that MCCS lacks the capacity to be sued, *i.e.*, it is not *sui juris*. *See Arsan v. Keller*, 784 F. App'x 900, 915 (6th Cir. 2019). In addition, Magistrate Liski, as an alleged state judicial officer, is entitled to absolute judicial immunity. *See Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Merchant v. Montgomery Cnty. Child Support Enf't Agency*, No. 3:06-CV-347, 2006 WL 3545452, at *2 (S.D. Ohio Dec. 8, 2006) (extending absolute judicial immunity to state court magistrates); *Cooksey v. McElroy*, No. 1:07CV581, 2009 WL 2628519, at *1 (S.D. Ohio Aug. 25, 2009); *see also* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").

Finally, the actions complained of by Plaintiff in her complaint (*i.e.*, conduct occurring in 1999 and 2001) appears to have occurred more than 15 years ago and the statute of limitation for any purported federal claim under 42 U.S.C. § 1983 has long expired. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (finding that the "[t]he appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio" is two years); *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 183 (6th Cir. 1990) (finding that the statute of limitations in Kentucky for civil rights actions under § 1983 is one year).

### III.

Accordingly, based on all of the foregoing, the undersigned **RECOMMENDS** that: (1) Plaintiff's complaint be **DISMISSED**; (2) service of process not issue; (3) this case be

4

**TERMINATED** on the Court's docket; and (4) the Court **CERTIFY** that an appeal of an Order adopting this Report and Recommendation would be frivolous and not taken in good faith and, therefore, that Plaintiff be **DENIED** *in forma pauperis* status on any appeal.


Date:   February 5, 2020                             s/ Michael J. Newman
                                                                      Michael J. Newman
                                                                        United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).